Filed 6/25/21  P. v. Villalobos CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DEMESIO CERVANTES VILLALOBOS,<br><br>  Defendant and Appellant. | F080829<br><br>(Super. Ct. No. CF82277056)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Fresno County.  Arlan L. Harrell, Judge.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christina Hitomi Simpson and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Hill, P.J., Franson, J. and Peña, J.

Appellant Demesio Cervantes Villalobos appeals following the denial of his petition for resentencing under Penal Code section 1170.95.[1]  Appellant raises several alleged errors with the proceedings and result in his opening brief but abandons several in reply based on the People's concession that an error occurred.  Ultimately, the parties agree that the trial court erred in making certain factual findings and that appellant should be provided counsel on remand.  The remaining dispute is whether this court should remand for further proceedings on the prima facie case analysis or require the trial court to hold an evidentiary hearing.  For the reasons set forth below, we agree with appellant that on the current record an evidentiary hearing is required and therefore remand for the trial court to conduct that hearing.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1982, appellant was convicted of murder, assault with a deadly weapon on a police officer, and resisting an executive officer.  His conviction, however, was overturned on appeal.  Upon remand, appellant pleaded guilty to a single count of second degree murder.

In 2019, appellant filed a petition under section 1170.95 for resentencing.  The People filed an opposition on the merits, claiming appellant was ineligible for relief, first because he aided and abetted in the crime and, second, because the victim in his case was a police officer engaged in his official duties.  The court summarily denied appellant's petition on the second ground, without appointing counsel.  The court wrote, "The victim of the murder was a peace officer in the performance of his duties, and petitioner was aware of this and the circumstances were not such that he should not reasonably have been aware that the victim was a peace officer in the performance of his duties. Petitioner is not eligible for resentencing."

This appeal timely followed.

---

[1]     All further code references are to the Penal Code.

# DISCUSSION

Relevant to this case, section 1170.95, subdivision (a) provides:

"(a) A person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:

"(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.

"(2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.

"(3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Section 1170.95, subdivision (c) explains, "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Finally, under section 1170.95, subdivisions (d)(1) and (d)(3), "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the

3.

petitioner on any remaining counts in the same manner as if the petitioner had not been previously been sentenced .…  [¶]  …  At the hearing to determine whether the petitioner is entitled to relief, the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing .…  The prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens."

The dispute in this case arises in the context of section 1170.95, subdivision (c) and its requirement that the court determine whether appellant "is entitled to relief."  This requirement is referred to in the case law as the second prima facie showing of subdivision (c) of section 1170.95 and courts considering it often interpret it by analogizing it to habeas corpus proceedings.  (*People v. Drayton* (2020) 47 Cal.App.5th 965, 977–978 (*Drayton*).)  Thus, "when assessing the prima facie showing, the trial court should assume all facts stated in the section 1170.95 petition are true.  [Citation.]  The trial court should not evaluate the credibility of the petition's assertions, but it need not credit factual assertions that are untrue as a matter of law—for example, a petitioner's assertion that a particular conviction is eligible for relief where the crime is not listed in subdivision (a) of section 1170.95 as eligible for resentencing.  Just as in habeas corpus, if the record 'contain[s] facts refuting the allegations made in the petition … the court is justified in making a credibility determination adverse to the petitioner.'  [Citation.]  However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*Id*. at p. 980.)

The trial court, reviewing only the People's response to appellant's petition, concluded that the victim of appellant's crime was a police officer, that appellant was

4.

aware of this fact, and that the circumstances of appellant's offense would have caused appellant to know the victim was a police officer in the performance of his duties. In doing so, the court appeared to find that appellant could still be charged with felony murder under the modified law based on section 189, subdivision (f), which provides that certain requirements for charging felony murder do "not apply to a defendant when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." If correct, the court's findings would preclude resentencing because appellant would still be able to be charged with first degree murder under section 189.

In their responsive brief, the People concede that these factual findings were made too early in the proceedings. In doing so, the People write that they agree "with appellant that the peace officer exception in section 189, subdivision (f) requires a factual finding." The People contend that this finding could be made based on evidence in the record of conviction but accept that "there are no longer any explicit findings from the record of conviction that would show, as a matter of law, the existence of the peace officer exception in this case." Despite this, the People argue we should remand for appointment of counsel and additional briefing because "[a]n analysis of the complete record, with briefing provided by appointed counsel and the People, may reveal that appellant is ineligible for relief as a matter of law." We do not agree.

We take no position, given the concessions made, on the extent to which section 189, subdivision (f)'s requirement that the defendant knew or should have known the victim was a police officer engaged in official duties can be resolved through pure reference to the record of conviction, as the People suggest. We note, however, that although the trial court acted prematurely in resolving any factual disputes, it did so after the People provided their response to the petition and had an opportunity to offer the record of conviction in support of its positions. (*Drayton*, *supra*, 47 Cal.App.5th at

5.

p. 982 ["At this stage of the petition review process, governed by section 1170.95(c), the trial court should not have engaged in this factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing, as described in section 1170.95, subdivision (d)."].)  In that filing, the People raised only two grounds to reject the petition, that appellant was an aider and abettor to the crime and that the peace officer exception applied.  On appeal, the People do not argue the first ground is supported by the record of conviction and, although the record implies that the peace officer exception applies, the People concede they cannot prove this exception as a matter of law exclusively through the record of conviction.

Given these positions, remanding for additional briefing appears unnecessary.  The People offer no evidence, admissible prior to an evidentiary hearing, that would preclude appellant from seeking relief under section 1170.95.  And they concede the record is currently insufficient to support a conclusion appellant is ineligible.  Accordingly, we agree with appellant that the proper course of action under section 1170.95, subdivision (c) is to appoint appellant counsel, issue an order to show cause, and provide the People a chance to prove, beyond a reasonable doubt, that appellant is ineligible for relief in line with subdivisions (d)(1) and (d)(3) of section 1170.95.  We express no opinion about appellant's entitlement to relief following the hearing.

## DISPOSITION

The order denying appellant's petition to vacate his murder conviction and for resentencing is reversed.  The matter is remanded to the superior court with directions to issue an order to show cause (§ 1170.95, subd. (c)) and hold a hearing to determine whether to vacate appellant's murder conviction, recall his sentence, and resentence him (§ 1170.95, subd. (d)).